Case 1:21-cv-06626-VEC Document 64 Filed 02/17/23 Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/17/2023

**THE LAW OFFICE OF**
**ELISA HYMAN, P.C.**

February 17, 2023    

BY ECF
Hon. Valerie E. Caproni
United States District Judge
U.S. District Court Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *L.B. obo T.B. and T.B. v. N.Y. City Dep't of Educ., et al.*
           21-cv-6626 (VEC)

Dear Judge Caproni:

    I am filing this letter motion in response to Your Honor's February 6, 2023 orders lifting the discovery stay and directing as follows: (a) "[n]ot later than Monday, February 20, 2023, the parties must meet and confer and file a joint letter to the Court setting forth a proposed discovery schedule"; and (b) "[n]ot later than Monday, February 27, 2023, Plaintiffs must show cause why they should not be required to disclose their full names inasmuch as T.B. was not a minor when this action was commenced."[1] For the reasons set forth herein, I am requesting extensions of time to comply with the Court's February 6, 2023 order. Further, this letter also contains a request by Defendants' counsel to adjourn the deadline to Answer the complaint for the reasons set forth herein.

**Requested Extension for Rule 1.4 Motion**

    Due to a serious, irreconcilable conflict of interest, I am, unfortunately, going to be filing a motion to withdraw pursuant to Local Civil Rule 1.4. Local Civil Rule 1.4 of this Court provides that an attorney of record for a party may be relieved "only by order of the Court and may not withdraw from a case without leave of the Court granted by order," upon an affidavit showing "satisfactory reasons for withdrawal" and the posture of the case as well as "whether or not the attorney is asserting a retaining or charging lien."

    I have been advised by my ethics counsel that I cannot negotiate a CMP or respond to any motions until Your Honor has ruled upon the motion to withdraw; I can only ask for extensions of time for my client to seek alternative counsel. If Your Honor denies the motion to withdraw, then I would have no choice but to proceed. However, until such time as Your Honor makes a ruling on my Rule 1.4 application, I am unable to proceed on any substantive applications. Moreover, due to the situation, I need more time to confer with my ethics counsel and communicate with L.B. and T.B.

---

[1] Due to the holiday, the deadline to submit the schedule would be February 21, 2023.

1115 BROADWAY, 12TH FL.
NEW YORK, NY 10010

WWW.SPECIALEDLAWYER.COM

42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010

In addition, I am having a surgical procedure on February 17, 2023, and cannot work for much of the following week. Erin O'Connor, who also works on federal litigation in my office, is also out of the country next week.

Thus, I am respectfully requesting two sets of extensions: First, given the situation with my surgery, and the need to ensure sufficient notice of such motion to L.B. and T.B., I ask that the Court grant me until March 3, 2023, to file the motion to withdraw. Second, I ask that Your Honor grant extensions of the February 20 and February 27th deadlines *sine die*, until such time as Your Honor has ruled on Plaintiffs' counsel's motion to withdraw. This is the first request for an extension. Further, I anticipate that as part of my motion, due to the sensitive nature of the conflicts, Your Honor may determine that a conference is necessary, at which point I would request the opportunity to communicate with Your Honor *in camera* so as not to waive any privileges and/or prejudice my clients' rights. However, I would not be able to appear at such a conference next week.

When I file the Rule 1.4 motion, Plaintiffs will need time to try to locate alternative counsel and/or determine how and/or if they wish to proceed with respect to the case following the Court's decision on the motion as well as the new potential that, in order to proceed, all of their personal financial, disability, educational, medical and other sensitive information may be made permanently public, which was not a consideration when the case was filed. I am certain, based on my prior communications and their grave concerns about confidentiality, that they will be forced to choose to voluntarily dismiss the case if they must disclose their full names.

**Defendants' Requested Extension Concerning the Answer**

Defendants' counsel does not object to Plaintiffs' requests. Under the circumstances, moreover, Defendants request that their time to Answer the complaint similarly be adjourned *sine die* until such time as the Court rules on Plaintiffs' motion and Plaintiffs determine if they will proceed with new counsel.

**Confidentiality of Information**

Finally, as noted, I am not at liberty to respond to the Order to Show Cause and have sought an extension of time to file the Rule 1.4 motion. That being said, respectfully, I nevertheless I feel compelled to provide generalized thoughts concerning any order that results in a current or former student with an IEP and their parent losing their confidentiality rights when a student turns eighteen. Young adults whose rights have been violated under the IDEA should not be deterred from trying to vindicate those rights by being forced to reveal information concerning their education, disabilities, medical and psychiatric conditions to the general public.

As an initial matter, many children receive special education services until the end of the year in which they turn twenty-one under the IDEA (unless they graduate earlier), or beyond, if compensatory services are ordered to be provided. The confidentiality rules of FERPA, HIPAA and the IDEA do not end at the age of eighteen for those students.

Moreover, IDEA rights do not transfer to a student entitled to special education services when they reach the age of eighteen in New York. *See, e.g., N.J. v. NYC Department of Education*, 2021 WL 965323 (S.D.N.Y. March 15, 2021) (noting that, while IDEA rights can transfer to individuals at the age of 18, New York has elected not to make this transfer of rights) (*citing*

Student with a Disability, Appeal No. 17-077, at 4-5). Thus, a parent retains IDEA rights even if their child turns eighteen, and the parent must bring those claims on behalf of their children, absent a situation where there is no parent or person in parental relation to do so.

Additionally, many IDEA cases take years to complete; it would be a serious deterrent for any parent and student to embark on a litigation before a child turns eighteen that may ultimately force them to reveal extremely confidential, sensitive and embarrassing information that is otherwise covered by FERPA, HIPAA and IDEA confidentiality rules if the case does not finish before their eighteenth birthday. To force a person to reveal their disability, educational and medical information to the general public simply because they turn eighteen, in order to enforce their federal IDEA rights when they were under the age of eighteen, would be a grave deterrent for parents to bring suits on behalf of their children even when they are younger, as it could take years for the cases to reach a court. Such a rule would also be a deterrent to chill individuals between the age of eighteen and twenty-one who continue to be eligible for an IEP from pursing their rights.

There are many examples of students over 18 who have cases concerning their special education programs, when they were minors, and they are all brought using initials. *See, e.g., N.J. v. NYC Department of Education*, 2021 WL 965323 (student is 26), *Doe v. East Lyme Board of Education*, 962 F.3d 649 (C.A.2 2020) (involving the 2008-2009 school year) (this case is still not resolved); *M.W. v. New York City Dept. of Educ.*, 2015 WL 5025368 (S.D.N.Y. 2015) (student was twenty-one). I have been representing parents and young people with disabilities in the courts since 2001; many are over eighteen by the time we file in federal court or turn eighteen while the case is pending. At any given time, my office has several cases pending on behalf of students over eighteen years old; we presently have at least nine such cases, including a certified class action lawsuit. *M.G. v. New York City Department of Education*, 162 F.Supp.3d 216 (S.D.N.Y. 2016). They are all permitted to proceed with initials, as have all of our previous over-eighteen clients.

It would be devastating for any young adult to have their personal educational, disability medical, psychiatric, psychological and behavior-related information laid bare to the world. Disclosure of these details live on the internet forever and could have devasting impact across every aspect of a young adult's life, including employment, social relationships, self-esteem, and reputation. Being forced to reveal these details to enforce IDEA rights or seek relief from discrimination would cause further distress, embarrassment and anxiety.

Thank you for Your Honor's consideration of these requests.

Respectfully Submitted,

_____/s/_____

Elisa Hyman
Counsel for Plaintiffs

Cc:   Marlena Smith
      Assistant Corporation Counsel

Application GRANTED.  Plaintiffs' counsel must file any motion to withdraw not later than **Friday, March 3, 2023**.  The parties' deadline to submit a joint letter proposing a discovery schedule, Plaintiffs' deadline to respond to the Court's order to show cause, and Defendants' deadline to answer are hereby adjourned *sine die* pending the Court's resolution of Plaintiffs' counsel's motion.

Plaintiffs' counsel's arguments responding to the order to show cause are stricken from the record given her asserted non-waivable conflict.

SO ORDERED.

02/17/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE